UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
MASTR ADJUSTABLE RATE MORTGAGES
TRUST 2006-OA3, MASTR ADJUSTABLE RATE
MORTGAGES TRUST 2007-1, AND MASTR         12 Civ. 7322 (HB)
ADJUSTABLE RATE MORTGAGES TRUST 2007-3,
                                          **OPINION & ORDER**
                          Plaintiffs,

     -against-

UBS REAL ESTATE SECURITIES, INC.,

                          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**Hon. HAROLD BAER, JR., District Judge:**

      Before the Court is a motion to intervene brought by Alexander Bikal, David Visher, Sandra Visher, and ESM Fund, I L.P. (the "Proposed Intervenors") pursuant to Fed. R. Civ. P. 24. Plaintiffs MASTR Adjustable Rate Mortgages Trust 2006-OA2, MASTR Adjustable Rate Mortgages Trust 2007-1, and MASTR Adjustable Rate Mortgages Trust 2007-3 (collectively, the "Trusts"), acting through U.S. Bank National Association ("U.S. Bank") in its capacity as the Trustee, as well as U.S. Bank in its individual capacity, oppose. Defendant UBS Real Estate Securities Inc. ("Defendant"), on the other hand, does not take a position. For the reasons stated below, Proposed Intervenors' motion is DENIED.

**Background**

      On September 28, 2012, Plaintiffs, through U.S. Bank acting in its capacity as the Trustee, commenced an action against Defendant alleging breach of its contractual obligation to repurchase defective mortgage loans under the Pooling and Servicing Agreements ("PSAs") governing the three Trusts. For each Trust, Defendant transferred a pool of residential mortgage loans to Depositor Mortgage Asset Securitization Transactions Inc. ("Depositor"), who then desposited the pool to the corresponding Trust so that each Trust could issue certificates for sale to investors. Compl. ¶ 23. Wells Fargo Bank, N.A., as the Master Servicer, Trust Administrator, and Custodian, administers and distributes interest and/or principal proceeds to the certificate holders in accordance with the terms of the PSAs. Plaintiffs allege that in each PSA, Defendant

1

made representations and warranties regarding the mortgage loans, and that under each PSA, Defendant has the obligation to repurchase defective mortgage loans. *Id*. at 27-30.

The Trusts have multiple classes of certificates with different levels of risk, and under a waterfall payout structure, less senior certificates realize losses earlier than more senior ones. Proposed Intervenors hold certain senior certificates of the 2006-OA Trust called Super Senior Certificates, and they moved to intervene in this case on October 15, 2012, with a proposed complaint that asserts the same repurchase obligation claim as well as five additional claims: two other claims against Defendant for breach of mortgage representations and warranties and for declaratory judgment that Defendant cure its breach, and three claims against U.S. Bank for breach of fiduciary duty, violation of the Trust Indenture Act of 1939, 15 U.S.C. § 77aaa *et seq.*, and violation of good faith and fair dealing. Spanier Decl. Ex. A.

Specifically, Proposed Intervenors argue that their motion should be granted because their interests are not adequately protected in this litigation because the Plaintiffs' counsel, Quinn Emanuel Urquhart & Sullivan, LLP, also represents Assured Guaranty Municipal Corp. ("Assured") in two other cases in this district, including a related case before this Court. *Assured Guar. Mun. Corp. v. UBS Real Estate Sec., Inc.*, No. 12 Civ. 1579 (HB), 2012 WL 3525613 (S.D.N.Y. Aug. 15, 2012); *Wells Fargo Bank, N.A. v. ESM Fund I, LP*, 785 F. Supp. 2d 188 (S.D.N.Y. 2011). Assured insured certain classes of the certificates in the three Trusts ("Insured Certificates") that are just below more senior certificates, such as Proposed Intervenors' 2006-OA2 Super Senior Certificates and therefore experience losses earlier than the latter certificates. In *Wells Fargo*, the Trust Administrator filed an interpleader action to determine the respective rights of Proposed Intervenors and Assured with respect to distributions made under the Trust 2006–OA2, and the parties advocated for opposing interpretations of the PSA, with Assured arguing that it had a separate right to reimbursement and Proposed Intervenors arguing that such right was subject to the overall payout structure of the Trust. 785 F. Supp. 2d at 194-195. In the related case before me, Assured brought various claims against Defendant UBS Real Estate, including the breach of repurchase obligation at issue in this case, and the present action was filed by the Trustee after Assured's repurchase obligation claim was dismissed in that case on the ground that Trustee, but not the certificate insurer, could enforce the repurchase obligation under

2

the PSAs.[1] *Assured*, 2012 WL 3525613, at *4. Currently, the parties to this action are subject to the same pretrial schedule as that of the related case. Proposed Intervenors also inform the Court that the Trustee previously refused to take any action when they made a request for the Trustee to do so on July 23, 2012. *See* Spanier Decl. Ex. C.

## Discussion

Proposed Intervenors argue that they should be permitted to intervene either as of right or with the Court's permission. To intervene as of right under Rule 24(a)(2), an applicant must (1) file timely, (2) demonstrate an interest relating to the property or transaction which is the subject of the action, (3) show an impairment of that interest arising from an unfavorable disposition, and (4) show that there is an interest that is not adequately protected by the existing parties. Fed. R. Civ. P. 24(a)(2); *Brennan v. New York City Bd. of Educ.*, 260 F.3d 123, 128-129 (2d. Cir. 2001). When a potential intervenor shares the "same ultimate objective" as an existing party in the case, however, adequate representation is presumed unless the intervenor shows "evidence of collusion, adversity of interest, nonfeasance, or incompetence." *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179-180 (2d Cir. 2001) (internal quotation marks and citations omitted). Under Rule 24(b), a court may also "[o]n a timely motion . . . permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact," but the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(1), (3). In exercising its broad discretion under Rule 24(b), a court considers the same factors that it considers for intervention as of right. *In re Bank of N.Y. Derivative Litig.*, 320 F.3d 291, 300 n.5 (2d Cir. 2003).

Here, I find that intervention as of right is inappropriate because Proposed Intervenors have no shown that their claims against the Trustee will be impaired, while Proposed Intervenors' claims against Defendant are adequately represented by Plaintiffs. It is true that the motion is timely, and Proposed Intervenors, as beneficiaries of one of the Trusts at issue, have an interest, as least with respect to its claims against Defendant, which could be impaired by this case. However, by bringing new claims against the Trustee, Proposed Intervenors attempt to

---

[1] In the related case, Assured also brought the two other claims that Proposed Intervenors now seek to bring against Defendant: breach of mortgage representations and warranties and declaratory judgment that Defendant cure its breach. There, I dismissed Assured's claim with respect to the declaratory judgment on the same ground that the Trustee is the sole entity that can enforce this provision. *Assured*, 2012 WL 3525613, at *6.

radically change the existing case, as well as the related one, from a contract case against Defendant under the PSAs to a case against the Trustee for breach of fiduciary duty, violation of the Trust Indenture Act, and violation of good faith and fair dealing.  Proposed Intervenors have informed the Court that they do so "[i]n the interest of preserving judicial resources," Intervenors' Supp. 2, n.4., but that is simply not the standard under Rule 24(a)(2).  The Proposed Intervenors fail to explain how their interest in vindicating their rights against the Trustee will be impaired by this litigation, as any damages based on their claims would be recovered from the Trustee, not from the Trusts and/or the Defendant. "An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." *Washington Elec. Co-op., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990).  Importantly, "the rule is not intended to allow for the creation of whole new suits by intervenors" or "[to] be used as a means to inject collateral issues to an existing action." *Id*. at 97.

With respect to the three claims that Proposed Intervenors bring against Defendant under the PSAs, they are identical to Plaintiffs' claims, and Proposed Intervenors share the same "ultimate objective" against Defendant in this litigation: to obtain maximum recovery for all certificate holders by demonstrating that Defendant breached its representations and repurchase obligations under the PSAs.  "Where there is an identity of interest, as here, the movant to intervene must rebut the presumption of adequate representation by the party already in the action." *Butler*, 250 F.3d at 179-80.  The existence of two parallel cases where Assured is also represented by Plaintiffs' Counsel, however, does not rise to the level of "collusion, adversity of interest, nonfeasance, or incompetence." *Id*. at 180.  Unlike in *Wells Fargo Bank*, where Proposed Intervenors are parties, the respective rights of Assured and Proposed Intervenors are not at issue in this case.  Rather, the Complaint asks for damages on behalf of both certificate holders and Assured, who have subrogation rights. Compl. 21.

I also deny permissive intervention due to concerns about undue delay and prejudice to the existing parties, which will be caused by Proposed Intervenors' new claims against the Trustee.  Although there may be some common questions of law and fact, allowing Proposed Intervenors to transform the nature of the case would complicate and delay the present litigation, which shares the same pretrial schedule as the related case, brought in February 2012 and currently has May 2013 as the trial month.

## Conclusion

For reasons stated above, Proposed Intervenors' motion is DENIED. The Clerk of Court is instructed to close the motion and remove it from my docket.

**SO ORDERED.**

January 11, 2012
New York, New York

                                                                    _____
                                                                    **Hon. Harold Baer, Jr.**
                                                                    **U.S.D.J.**