UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MASTR ADJUSTABLE RATE MORTGAGES TRUST 2006-OA2, MASTR ADJUSTABLE RATE MORTGAGES TRUST 2007-1, AND MASTR ADJUSTABLE RATE MORTGAGES TRUST 2007-3. <br><br> Plaintiffs, <br><br> vs. <br><br> UBS REAL ESTATE SECURITIES, INC., <br><br> Defendant. | Civil Civ. Action No. 12-cv-7322 |

**MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION BY CERTIFICATEHOLDERS ALEXANDER BAKAL, DAVID VISHER, SANDRA VISHER, AND ESM FUND I L.P.**

## TABLE OF CONTENTS

TABLE OF CITATIONS .................................................................................................... ii

I. PRELIMINARY STATEMENT ............................................................................. 1

II. APPLICABLE LEGAL STANDARD ..................................................................... 1

    A. Motion for Reconsideration ......................................................................... 1

    B. The Court Overlooked The Impairment Of The Proposed Intervenor Plaintiffs' Rights Arising From The Trustee's Counsel's Dual Representation Of The Trustee And The Federal Housing Finance Agency, As Conservator For The Federal Home Loan Mortgage Corp. ("FHFA") ............. 1

    C. The Court Overlooked Proposed Intervenor Plaintiffs' Willingness To File A Separate Action Against U.S. Bank As Trustee ......................................... 3

III. CONCLUSION ........................................................................................................ 4

# TABLE OF CITATIONS

***CASES***                                                                                                       ***PAGE***

*Chevron Corp. v. Donziger*,
   11 Civ. 0691, 2011 U.S. Dist. LEXIS 57573 (S.D.N.Y. May 31, 2011) .................................. 4

*Falbaum v. Pomerantz*,
   94 Civ. 5503, 2000 U.S. Dist. LEXIS 12849 (S.D.N.Y. Sept. 7, 2000) .................................. 2

*FHFA v. UBS Americas, Inc. et al.*,
   Civil Action No. 11-cv-05201 ................................................................................................ 2

*Krim v. PCOrder.com*,
   210 F.R.D. 581 (W.D.Tex. 2002) .......................................................................................... 3

*Kuper v. Quantum Chemical Corp.*,
   145 F.R.D. 80 (S.D.Ohio 1992) ............................................................................................. 2

*Trbovich v. United Mine Workers of Am.*,
   404 U.S. 528, 92 S. Ct. 630, 30 L. Ed. 2d 686 (1972) ........................................................... 2

*Ortiz v. Fibreboard Corp.*,
   527 U.S. 815 (1999) ............................................................................................................. 3


***BOOKS***

1 McLaughlin on Class Actions Section 4:39 (5th ed. 2009) ......................................................... 3

Pursuant to Local Rule 6.3, Certificateholders Alexander Bakal, David Visher, Sandra Visher and ESM Fund I L.P., ("Proposed Intervenor Plaintiffs"), request that the Court reconsider its Opinion and Order, entered January 11, 2013 (the "Order", Docket No. 45), denying their Motion for Intervention, for the reasons stated below.

## I. PRELIMINARY STATEMENT

The Court denied the Proposed Intervenor Plaintiffs' Motion for Intervention because the "proposed Intervenors have no[t] shown that their claims against the Trustee will be impaired, while Proposed Intervenors' claims against Defendant are adequately represented by Plaintiff." Order at 3. Proposed Intervenor Plaintiffs respectfully submit that the Court's finding overlooked significant matters and was reached in error. Accordingly, Proposed Intervenor Plaintiffs request that the Court grant their motion for reconsideration of the Order and, upon such reconsideration, grant their Motion for Intervention.

## II. ARGUMENT

### A. Motion for Reconsideration

A motion for reconsideration of a previous court order "may properly be granted when the moving party can show that 'the court overlooked matters or controlling decisions which, had they been considered, might reasonably have altered the result." *Falbaum v. Pomerantz*, 94 Civ. 5503, 2000 U.S. Dist. LEXIS 12849, at *2 (S.D.N.Y. Sept. 7, 2000).

### B. The Court Overlooked The Impairment Of The Proposed Intervenor Plaintiffs' Rights Arising From The Trustee's Counsel's Dual Representation Of The Trustee And The Federal Housing Finance Agency, As Conservator For The Federal Home Loan Mortgage Corp. ("FHFA")

This Court has overlooked the fact that the same law firm is suing UBS on behalf of the Trustee in the instant action, Assured in its action (*Assured Guar. Mun. Corp. v. UBS Real Estate Sec. Inc.*, S.D.N.Y., No. 12 Civ 1570(HB)), and FHFA in still yet a third action against UBS

1

(*FHFA v. UBS Americas, Inc. et al.*, S.D.N.Y., No. 11 Civ 05201(DC)). All three of these actions arise out of purchases of residential mortgage-backed securitizations issued in UBS-sponsored or UBS-underwritten securitizations alleged to be in violation of the federal securities laws and certain state laws and codes.[1] This three-fold representation of different plaintiffs against the same defendant clearly supports a finding by this Court of inadequate representation.[2] Courts have often found conflicts where multiple pending actions seek damage remedies to be paid from a common single pool of assets.[3] This situation often arises in class action litigation, where counsel seeking to represent the class also represent individual plaintiffs in separate actions against the same defendant. In such situations, courts have held that proposed counsel is inadequate. *See Kuper v. Quantum Chemical Corp.*, 145 F.R.D. 80, 83(S.D. Ohio 1992)("Class counsel should not be subject to divided loyalties – [and this] applies equally to the competing interests of separate classes vying for relief from the same limited source").

Indeed, "[c]ourts have consistently held that counsel cannot simultaneously represent a class and prosecute either individual or class claims against the same defendants in a different proceeding." 1 McLaughlin on Class Actions, Section 4:39 (5th ed. 2009)(citing *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 856 (1999)(stating that "an attorney who represents another class against the same defendant may not serve as class counsel," and finding conflict of interest where attorneys represent proposed settlement class and also separately represented individual

---

[1]  See Memorandum of Law in Support of Motion for Certificateholders, Docket No. 11, footnote 7. Both the FHFA complaint and the Trustee's complaint bring claims for the MARM 2007-1 and MARM 2007-3 Trusts.

[2]  A proposed intervenor need only show that the existing parties' representation of its interest "may" be inadequate, a minimal burden. *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10, 92 S. Ct. 630, 30 L. Ed. 2d 686 (1972).

[3]  In addition to a damage remedy, each of the three actions requests attorneys fees and expenses from UBS and thus presents adversity of interest and conflict as to how Plaintiffs' counsel may negotiate a resolution.

clients with prior-negotiated, more favorable settlement). Courts have further explained their concerns with "the problematic nature of counsel's multiple representations in negotiations. . . . The inability of counsel to discuss settlement offers in the other cases and the potential influence one case may have on a decision to settle the other are only part of the problem." *Krim v. PCOrder.com*, 210 F.R.D. 581, 590 (W.D.Tex. 2002).

The conflict here is directly analogous to the conflict or potential conflict found in the foregoing class actions and requires an analysis of the adequacy of Quinn Emanuel's representation of the interests of Proposed Intervenor Plaintiffs. Quinn Emanuel, as counsel for the Trustee, in essence represents many classes of certificateholders of the Trust, and is also counsel for Assured, as insurer for certain classes of certificates, and for FHFA, as a purchaser of certificates. Each of those plaintiffs is seeking recovery for different constituencies from UBS, the same "limited" source. The responsibility of the Trustee here is akin to the fiduciary responsibility of a Rule 23 class representative, both representing interests larger and more diverse than their individual claims. Part of the Trustee's responsibility is to choose adequate counsel. Purported conflicts of interest raised by Quinn Emanuel's "triple play" representation of parties competing for the same pool of assets clearly impairs Proposed Intervenor Plaintiffs' claims and interests.

### C. The Court Overlooked Proposed Intervenor Plaintiffs' Willingness To File A Separate Action Against U.S. Bank As Trustee

The Court denied permissive intervention "due to concerns about undue delay and prejudice to the existing parties, which will be caused by Proposed Intervenors' new claims against the Trustee." Order at 4. Proposed Intervenor Plaintiffs are willing to separate out their claims against U.S. Bank National Association for breach of fiduciary duty (Count I), for violations of the Trust Indenture Act (Count II) and for violation of the covenant of good faith

3

and fair dealing (Count IV) to ease these concerns. This Court may place limitations on intervention in order to prevent delay or prejudice to the existing parties. *See, Chevron Corp. v. Donziger*, 11 Civ. 0691, 2011 U.S. Dist. LEXIS 57573, *20 (S.D.N.Y. May 31, 2011). Moreover, the pre-trial schedule[4] for this case has been recently modified:

    Jan. 31, 2012:  last day for either side to add parties

    Feb. 28, 2013:  Completion of fact depositions

    May 8, 2013:  Completion of expert discovery

As a result, the likelihood of this case going to trial in May 2013 has decreased, particularly in light of the fact that the schedule does not yet take into consideration motions for summary judgment and motions in limine. Proposed Intervenor Plaintiffs' motion for limited intervention to assert their claims solely as to UBS would not delay the present litigation.

## III.  CONCLUSION

For the reasons stated above, Proposed Intervenor Plaintiffs respectfully request that the Court reconsider its Opinion and Order entered January 11, 2013 and grant their Motion for Intervention.

Dated: January 25, 2013
                              Respectfully submitted,

                                           **ABBEY SPANIER RODD & ABRAMS, LLP**

                                           /s/ Judith L. Spanier
                                           Judith L. Spanier
                                           212 East 39th Street
                                           New York, NY 10016
                                           Telephone:  (212) 889-3700

---

[4]  Docket No. 49, Letter Application granted, 12/18/2012.

**LAW OFFICES BERNARD M. GROSS, P.C.**
Deborah R. Gross, I.D. No. 44542
Suite 450, The Wanamaker Building
Juniper and Market Streets
100 Penn Square East
Philadelphia, PA 19107
Telephone: (215) 561-3600

**Counsel for Proposed Intervenor Plaintiffs**