**MEMO ENDORSED**

## quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
(212) 849-7229

WRITER'S INTERNET ADDRESS
adamabensohn@quinnemanuel.com

May 10, 2013



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/21/13

**BY FAX**

Hon. James C. Francis
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *MASTR Adjustable Rate Mortgages Trust 2006-OA2, et al. v. UBS Real Estate Sec. Inc.*,
      12-cv-7322 (HB)(JCF)

Your Honor:

      We represent plaintiffs MASTR Adjustable Rate Mortgages Trust 2006-OA2, MASTR Adjustable Rate Mortgages Trust 2007-1, and MASTR Adjustable Rate Mortgages Trust 2007-3 (the "Trusts") acting through U.S. Bank National Association, solely in its capacity as Trustee for the Trusts.

      We write to request that the Court direct UBS Real Estate Securities Inc. ("UBS") to promptly produce its outstanding discovery. UBS has still not produced large numbers of relevant documents, including documents that the Court has twice ordered it to produce and that go to the heart of the Trusts' claims for breach of UBS's repurchase obligations. *See* Nov. 21, 2012 Order at 5, 7; Mar. 25, 2013 Order at 25. For example, UBS has yet to produce any documents relating to its analysis of repurchase demands made on it with respect to loans underlying the three transactions at issue, or relating to its own repurchase demands made upon mortgage originators with respect to the same loans and based on the same breaches of representation and warranty.

      Not only has UBS delayed producing these documents for over six months since it was first ordered to do so,[1] but it advised the Trusts on May 8, 2013 that it will not produce *any*

---

[1] UBS has failed to produce documents encompassed in the November 21, 2012 Order over which it cannot, and does not, claim privilege, including the actual repurchase demands it (footnote continued)

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS

further documents now that Assured, which served the underlying document requests, has settled its claims and is no longer a party to this action. UBS asserts that the Trusts should have served their own document requests, even though (1) the Trusts sought precisely the same documents as Assured (because their claims were based on the same breaches of representation and warranty), and any such requests would have been merely duplicative of Assured's requests; and (2) pursuant to the protective order in this action—which was consolidated with Assured's action, specifically to promote efficiency and ensure coordinated discovery—all documents produced to Assured were made fully available to the Trusts. *See* April 9, 2013 Order, Section 20.3. Moreover, if it had not delayed its production so long, UBS would have completed production, and the Trusts would have received the documents to which they are entitled, *before* the Assured settlement, which took place just four days ago. UBS should not be allowed to benefit from its delay by raising the Assured settlement as yet another obstacle to its timely production of these critical documents.[2]

The Trusts therefore respectfully request that UBS be directed to produce all outstanding discovery, including those materials the Court previously ordered it to produce in its November 21, 2012 and March 25, 2013 Orders, no later than May 24, 2013.

Respectfully submitted,

/s/Adam M. Abensohn

cc: Counsel for Defendant

> 5/20/13
>
> Application denied. The prior discovery requests (and my orders) were propounded by Assured Municipal Guaranty Corp., and are not identical to those served by U.S. Bank N.A. Accordingly, I will not accelerate the deadline for UBS Real Estate Securities to respond to U.S. Bank's requests. However, because UBS RESI necessarily did much of the work preparing to respond to Assured, any request to extend its time to respond to U.S. Bank will not be met with sympathy.
>
> SO ORDERED.
> James C. Francis IV
> USMJ

---

made on mortgage originators. Moreover, although UBS asserted a spurious claim of privilege over other documents encompassed in the Order, the Court largely rejected this claim in its March 25, 2013 Order.

[2] In any event, the Trusts are today serving UBS with discovery requests materially identical to the Assured requests, removing UBS's excuse for refusing to complete production.

2