USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/15/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
MASTR ADJUSTABLE RATE MORTGAGES
TRUST 2006-OA3, MASTR ADJUSTABLE RATE
MORTGAGES TRUST 2007-1, AND MASTR
ADJUSTABLE RATE MORTGAGES TRUST 2007-3

12 Civ. 7322 (HB)

**MEMORANDUM ORDER**

Plaintiffs,

-against-

UBS REAL ESTATE SECURITIES, INC.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**Hon. HAROLD BAER, JR., District Judge:**

Before the Court is a motion to reconsider the Court's prior denial of intervention by Alexander Bikal, David Visher, Sandra Visher, and ESM Fund, I L.P. ("Proposed Intervenors"). Plaintiffs MASTR Adjustable Rate Mortgages Trust 2006-OA2, MASTR Adjustable Rate Mortgages Trust 2007-1, and MASTR Adjustable Rate Mortgages Trust 2007-3 (collectively, the "Trusts"), acting through U.S. Bank National Association ("U.S. Bank") in its capacity as the Trustee, oppose. For the reasons stated below, the motion for reconsideration is DENIED.

A motion for reconsideration is "properly granted only upon a showing of exceptional circumstances." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) (quotation marks omitted). In order to succeed, the moving party must point to "controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003) (quotation marks and citation omitted). Notably, a motion for reconsideration is not an opportunity for parties to advance new facts, issues, or arguments that have previously not been presented to the court. *Nat'l Union Fire Ins. Co. v. Las Vegas Prof'l Football L.P.*, 409 F. App'x 401, 403 (2d Cir. 2010).

Here, the motion for reconsideration is denied based on the above standard. The Court previously denied Proposed Intervenors' motion to intervene both as of right and with permission, on the ground that Proposed Intervenors have not shown that their claims against the Trustee will be impaired, while Proposed Intervenors' claims against Defendant are adequately

1

represented by the Trustee. *MASTR Adjustable Rate Mortg. Trust 2006-OA3 v. UBS Real Estate Sec.*, Inc., No. 12 Civ. 7322, 2013 WL 139636, at *2 (S.D.N.Y. Jan. 11, 2013). In the instant motion, Proposed Intervenors argue that I overlooked: (1) the Trustee's counsel Quinn Emanuel's representation of another plaintiff, Federal Home Loan Mortgage Corporation, in a different action against the same defendant; and (2) Proposed Intervernors' willingness to file a separate action for its claims against the Trustee.

However, I already examined the issue of Quinn Emanuel's representation of other plaintiffs against the same defendant but concluded that Proposed Intervenors failed to rebut "the presumption of adequate representation" given the identity of interest between Proposed Intervenors and Plaintiffs because the fact of multiple representation alone did not rise to the level of "collusion, adversity of interest, nonfeasance, or incompetence." *Id.* at *2 (quoting *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179-180 (2d Cir. 2001)). Now that the parallel case, *Assured Guar. Mun. Corp. v. UBS Real Estate Sec., Inc.*, No. 12 Civ. 1579, 2012 WL 3525613 (S.D.N.Y. Aug. 15, 2012), has been resolved, there is even less reason for Proposed Intervenors to be concerned with Quinn Emanuel's representation of the Trusts. While the motion is denied, I can't help but note that some aspects of this litigation provide, at least for me, an odor of concern and should Proposed Intervenors recognize a problem as we move forward, they are invited to bring it to my attention. As for Proposed Intervenors' willingness to separate its claims against the Trustee, it is little and too late. Proposed Intervenors may not use this motion as an opportunity to reformulate a half-hearted suggestion buried in a footnote of their prior motion papers that the Court alternatively consider bifurcating the case for trial after allowing intervention.

Lastly, I have considered Proposed Intervenors' letter dated July 1, 2013, in which they argue that Plaintiffs' Counsel's hands in representing the Trustee are "tied" under the Settlement Agreement in a related case, *Assured v. UBS*, No. 12 Civ. 1579. In my view, the Settlement Agreement has no effect on Quinn Emanuel in this litigation, as the definition of "Assured Parties," to the extent that it touches on Quinn Emanuel's representation of Assured at all, is limited to "each . . . attorney of any of the foregoing Persons, *solely to the extent acting on behalf of one or more such Persons.*" (Emphasis is my own.)

2

For reasons stated above, Proposed Intervenors' motion to reconsider is DENIED. The Clerk of Court is instructed to close the motion (ECF No. 50) and remove it from my docket.

**SO ORDERED.**

**August 14, 2013**
**New York, New York**

_____
Hon. Harold Baer, Jr.
U.S.D.J.

3