# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

Michael A. Collyard
MACollyard@rkmc.com
612-349-0975

## MEMO ENDORSED

August 16, 2013

By Facsimile

Honorable James C. Francis IV
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/19/13
```

Re: *MASTR Adjustable Rate Mortgages Trust 2006-OA2, et al. v. UBS Real Estate Securities Inc.*
12 Civ. 7322 (HB) (JCF)

Dear Judge Francis:

I write on behalf of U.S. Bank National Association as Trustee and U.S. Bank (together the "Trustee") with respect to next Wednesday's hearing. A dispute has come up that the Trustee would appreciate the Court's guidance on.

Last week I explained on our call with Your Honor that the Trustee planned to call Trustee employee Diane Reynolds to the stand to speak on behalf of the Trustee and to testify that the documents that UBS is claiming were destroyed *never* existed in the first place. UBS's counsel has now informed me that if the Trustee calls Ms. Reynolds, UBS intends to call her as an adverse witness at the hearing before Trustee has the opportunity to put her on the stand. UBS is insisting on a burdensome process that would require Ms. Reynolds to testify in multiple stages. Under UBS's proposed process, UBS would get to question Ms. Reynolds first as an adverse witness and then Trustee could conduct a direct examination of her only within the scope of UBS's adverse cross. After that process was completed, Trustee could then finally conduct its direct examination of Ms. Reynolds and then UBS would get to cross examine her again for a second time—she'd essentially have to testify *four* different times under UBS's proposal. This exercise would be an inefficient use of the Court's time and would cause the testimony to be confusing and disjointed.

I believe it would be much more efficient if the Trustee was simply allowed to conduct a direct examination of Ms. Reynolds and then UBS could cross examine her (followed up with short clean up if necessary). This would allow

August 16, 2013             By Facsimile
Page 2

Trustee to put forth the evidence that Your Honor is allowing the Trustee to put forth to defend these serious accusations and it will also give UBS the opportunity to fairly cross examine Trustee's witness. This would be the most efficient and fair way to proceed.

In addition, UBS's counsel just informed me this morning that they may also use unidentified "confidential" exhibits at the hearing that are not part of their motion (and therefore not part of the record before the Court). Trustee objects to these surprise tactics and expansion of the record on this motion. Trustee merely intends to use Ms. Reynolds's testimony to support the positions it took in its opposition papers and will not use any documents outside of the record for this motion. UBS should be held to the same standard.

Trustee therefore respectfully requests that the Court allow Ms. Reynolds to testify in the manner proposed by Trustee—i.e., a simple direct examination by Trustee followed by UBS's cross examination. Trustee also requests that UBS be precluded from using documents at the hearing that were not filed as part of its motion. Trustee appreciates the Court's assistance with these issues.

Respectfully submitted,

*[signature]*

Michael A. Collyard

cc:     Counsel for Plaintiffs (by Email)
       Counsel for Defendants (by Email)

841154442.1

---

*[Handwritten order dated 8/19/13:]* Application denied. UBS may call Ms. Reynolds as an adverse witness. However, U.S. Bank's cross-examination will not be limited by the scope of UBS' direct examination of her. UBS will not be precluded from utilizing new documents at the hearing, provided it provides copies to U.S. Bank in advance. SO ORDERED. James C. Francis IV, USMJ