UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| MASTR ADJUSTABLE RATE MORTGAGES TRUST 2006-OA2, MASTR ADJUSTABLE RATE MORTGAGES TRUST 2007-1, AND MASTR ADJUSTABLE RATE MORTGAGES TRUST 2007-3, : : : : : : | |
| Plaintiffs, : | 12 Civ. 7322 (HB)(JCF) |
| : | |
| - against - : | **ECF Case** |
| : | **Electronically Filed** |
| UBS REAL ESTATE SECURITIES INC., : | |
| : | |
| Defendant. : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANSWER, DEFENSES AND**
**AFFIRMATIVE DEFENSES TO THE COMPLAINT**

Defendant UBS Real Estate Securities Inc. ("Defendant" or "UBS Real Estate"), by and through its undersigned counsel, hereby answers Plaintiffs' Complaint as follows:

1.    Denies the allegations contained in Paragraph 1, except (1) admits that the Complaint purports to assert a claim relating to three securitization transactions (collectively, the "Transactions"), (2) admits that the Complaint purports to assert that claim against UBS Real Estate, (3) admits that UBS Real Estate served as sponsor and/or seller and/or transferor for the Transactions, and (4) respectfully refers the Court to the Pooling and Servicing Agreements ("PSAs") for a complete and accurate description of their terms.

2.    Denies the allegations contained in Paragraph 2, except (1) admits that Defendant served as the sponsor and/or seller and/or transferor for the Transactions, (2) admits that Defendant conveyed mortgage loans to MASTR in connection with the Transactions, and (3) admits that the Transactions closed in 2006 and 2007.

3. Denies the allegations contained in Paragraph 3, and respectfully refers the Court to the PSAs for their complete and accurate terms.

4. Denies the allegations contained in Paragraph 4.

5. Denies the allegations contained in Paragraph 5, except admits that, between August 9, 2010 and September 27, 2012, Assured sent letters to Defendant requesting that Defendant cure or repurchase certain mortgage loans, and Defendant respectfully refers the Court to the documents referred in Paragraph 5 for a complete and accurate description of their contents.

6. Denies the allegations contained in Paragraph 6, except denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the sixth and seventh sentences.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, except admits (1) that Plaintiffs are MASTR Adjustable Rate Mortgages Trust 2006-OA2, MASTR Adjustable Rate Mortgages Trust 2007-1, and MASTR Adjustable Rate Mortgages Trust 2007-3, and (2) that Plaintiffs purport to be acting through U.S. Bank National Association.

8. Denies the allegations contained in Paragraph 8, except admits that UBS Real Estate Inc. (1) is a Delaware corporation, (2) has an office located at 1285 Avenue of the Americas in New York, New York, and (3) has engaged in a variety of capital markets-related activities.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, except admits (1) that Assured is a financial guaranty insurance company, (2) Assured was formerly known as Financial Security

Assurance Inc., and (3) Assured is the Certificate Insurer for certain classes of Certificates in each of the Transactions.

10. Denies the allegations contained in Paragraph 10, except admits that UBS Securities (1) is a Delaware corporation, (2) has offices located at 677 Washington Boulevard in Stamford, Connecticut and 299 Park Avenue in New York, New York, and (3) served as an underwriter of securities in the Transactions.

11. Denies the allegations contained in Paragraph 11, except admits that MAST (1) is a Delaware corporation, (2) has an office located at 1285 Avenue of the Americas in New York, New York, (3) is an indirect subsidiary of UBS Americas, Inc., and (4) acted as the depositor for the Transactions.

12. The allegations contained in Paragraph 12 state conclusions of law for which no response is required.

13. The allegations contained in Paragraph 13 state conclusions of law for which no response is required.

14. Denies the allegations contained in Paragraph 14, which purport to describe certain industry customs or practices without alleging facts specific to the Defendant, and further denies that these allegations completely and accurately depict such industry customs or the Defendant's practices.

15. Denies the allegations contained in Paragraph 15, which purport to describe certain industry customs or practices without alleging facts specific to Defendant, and further denies that these allegations completely and accurately depict such industry customs or Defendant's practices and respectfully refers the Court to the document quoted in the second sentence for a complete and accurate description of its contents.

16. Denies the allegations contained in Paragraph 16, which purport to describe certain industry customs or practices without alleging facts specific to Defendant, and further denies that these allegations completely and accurately depict such industry customs or Defendant's practices.

17. Denies the allegations contained in Paragraph 17, which purport to describe certain industry customs or practices without alleging facts specific to Defendant, and further denies that these allegations completely and accurately depict such industry customs or Defendant's practices.

18. Denies the allegations contained in Paragraph 18, which purport to describe certain industry customs or practices without alleging facts specific to Defendant, and further denies that these allegations completely and accurately depict such industry customs or Defendant's practices.

19. Denies the allegations contained in Paragraph 19, except admits that the Transactions include first-lien, adjustable-rate residential mortgage loans.

20. Admits the allegations contained in Paragraph 20.

21. Admits the allegations contained in Paragraph 21.

22. Admits the allegations contained in Paragraph 22.

23. Denies the allegations in Paragraph 23, except admits that UBS Real Estate conveyed a pool of mortgage loans to MAST, that MAST conveyed the loans to a trust, that UBS Securities served as the underwriter for the sale of the Certificates, that Assured offered financial guaranty insurance in connection with the Transactions and that the Trust issued the Certificates.

24. Denies the allegations contained in Paragraph 24, and respectfully refers the Court to the relevant Transaction documents for a complete and accurate description of the structure of the Transactions.

25. Denies the allegations contained in Paragraph 25, except (1) admits that UBS Real Estate acted as the sponsor or transferor for the Transactions, (2) admits that the Transactions involved certain documentation, including an Assignment and Recognition Agreement or a Mortgage Loan Purchase Agreement, a Pooling and Servicing Agreement, and an insurance policy, and (3) respectfully refers the Court to these documents for their complete and accurate terms.

26. Admits the allegations contained in Paragraph 26.

27. Denies the allegations contained in Paragraph 27, and respectfully refers the Court to the PSAs for their complete and accurate terms.

28. Denies the allegations contained in Paragraph 28, and respectfully refers the Court to the PSAs for their complete and accurate terms.

29. Denies the allegations contained in Paragraph 29, and respectfully refers the Court to the PSAs for their complete and accurate terms.

30. Denies the allegations contained in Paragraph 30, and respectfully refers the Court to the PSAs for their complete and accurate terms.

31. Denies the allegations contained in Paragraph 31.

32. Denies the allegations contained in Paragraph 32, and respectfully refers the Court to the documents referred to in Paragraph 32 for a complete and accurate description of their contents.

33. Denies the allegations contained in Paragraph 33.

34. Denies the allegations contained in Paragraph 34, and respectfully refers the Court to the documents referred to in Paragraph 34 for a complete and accurate description of their contents.

35. Denies the allegations contained in Paragraph 35, and respectfully refers the Court to the documents referred to in Paragraph 35 for a complete and accurate description of their contents.

36. Denies the allegations contained in Paragraph 36.

37. Denies the allegations contained in Paragraph 37, and respectfully refers the Court to the documents referenced in Paragraph 37 for a complete and accurate description of their contents.

38. Denies the allegations contained in Paragraph 38, and respectfully refers the Court to the documents referenced in Paragraph 38 for a complete and accurate description of their contents.

39. Denies the allegations contained in Paragraph 39, and respectfully refers the Court to the cited documents for their complete and accurate terms.

40. Denies the allegations contained in Paragraph 40.

41. Denies the allegations contained in Paragraph 41.

42. Denies the allegations contained in Paragraph 42.

43. Defendant repeats and realleges each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

44. The allegations in Paragraph 44 state conclusions of law as to which no response is required.

45. Denies the allegations contained in Paragraph 45 and respectfully refers the Court to the PSAs for their complete and accurate terms.

46. Denies the allegations contained in Paragraph 46, except admits that Assured sent UBS Real Estate certain letters requesting that UBS Real Estate cure or repurchase certain mortgage loans.

47. Denies the allegations contained in Paragraph 47.

48. The allegations in Paragraph 48 state conclusions of law for which no response is required.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph 48.

49. The allegations in Paragraph 49 state conclusions of law for which no response is required.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph 49.

## AFFIRMATIVE AND OTHER DEFENSES

Without undertaking any burden of proof not otherwise assigned to it by law, Defendant asserts the following affirmative defenses with respect to the claim Plaintiffs purport to assert in the Complaint:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claim is barred by the applicable statutes of repose and/or statutes of limitation.

### THIRD DEFENSE

Plaintiffs' claim is barred, in whole or in part, by the doctrines of laches, waiver, acquiescence, estoppel, ratification, unclean hands and any other equitable doctrines.

### FOURTH DEFENSE

Plaintiffs' have failed to mitigate, minimize or avoid any losses allegedly sustained.

### FIFTH DEFENSE

Plaintiffs' claim is barred, in whole or in part, because the injuries allegedly sustained were caused by the actions or inactions of parties other than Defendant, actions or inactions by parties outside the control of Defendant, and/or economic events that were, likewise, outside the control of Defendant.  These actions, inactions and events were intervening or superseding causes of the damages alleged in the Complaint.

### SIXTH DEFENSE

Plaintiffs' claims is barred, in whole or in part, because Plaintiffs have not suffered any cognizable damages.

**SEVENTH DEFENSE**

Plaintiffs' claim is barred, in whole or in part, to the extent it relies upon Assured's repurchase demands, which Assured has rescinded and revoked.

**EIGHTH DEFENSE**

Plaintiffs' claim is barred, in whole or in part, because no act or omission by Defendant was the cause in fact or proximate cause of any damage alleged by Plaintiffs.

**NINTH DEFENSE**

Defendants are entitled to recover contribution from others for any liability they incur as a result of the alleged misrepresentations, omissions and conduct alleged in their Complaint.

**TENTH DEFENSE**

Plaintiffs' claim is barred, in whole or in part, by the terms, disclaimers, and disclosures contained in the Transaction documents.

**ELEVENTH DEFENSE**

Plaintiffs' claim is barred, in whole or in part, because Plaintiffs failed to satisfy their obligations under the Transaction documents.

**TWELFTH DEFENSE**

Plaintiffs' claim is barred because one or more parties not named in the Complaint may be indispensable parties to this action, and Defendant reserves the right to seek the joinder of those parties whose absence from the action renders it such that completed relief cannot be granted without the missing party.

**THIRTEENTH DEFENSE**

Plaintiffs' claim is barred, in whole or in part, because, and to the extent that, any relief or recovery would unjustly enrich or constitute a windfall to Plaintiffs.

## FOURTEENTH DEFENSE

Plaintiffs lack standing and/or authorization to bring its claim.

## FIFTEENTH DEFENSE

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether there may be other, as yet unstated, defenses and/or affirmative defenses available to it, and therefore expressly (1) reserves the right to amend or supplement its Answer, defenses, affirmative defenses and all other pleadings, and (2) reserves the right to (a) assert any and all additional defenses and/or affirmative defenses under any applicable federal and state law in the event that discovery indicates such defenses and/or affirmative defenses would be appropriate, and (b) assert any cross-claims, counterclaims and third-party claims when and if they become appropriate in this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Defendant respectfully requests that the Court (1) dismiss Plaintiffs' claim against it in its entirety and with prejudice, (2) award Defendant the costs, disbursements and attorneys' fees incurred in defending this action, to the extent authorized by law, and (3) grant such other and further relief as it may deem just and proper.

Dated:  New York, New York
        September 12, 2013

SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP

/s/ *Scott D. Musoff*
Jay B. Kasner (jay.kasner@skadden.com)
Scott D. Musoff (scott.musoff@skadden.com)
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

Paul J. Lockwood
One Rodney Square
Wilmington, DE 19801
Phone: (302) 651-3000

*Attorneys for Defendant UBS Real Estate Securities Inc.*