UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MASTR ADJUSTABLE RATE MORTGAGES      :
TRUST 2006-OA2, MASTR ADJUSTABLE     :
RATE MORTGAGES TRUST 2007-1, AND     :
MASTR ADJUSTABLE RATE MORTGAGES      :
TRUST 2007-3,                        :
                                     :
                          Plaintiffs, :
                                     :        12 Civ. 7322 (HB)
          - against -                :
                                     :        OPINION & ORDER
UBS REAL ESTATE SECURITIES INC.,     :
                                     :
                          Defendant. :
-------------------------------------------------------------x

Hon. Harold Baer, Jr., District Judge:

 Before the Court is an objection to Magistrate Judge James C. Francis IV's ruling, which denied a request for sanctions by Defendant UBS Real Estate Securities Inc. ("UBS"). UBS moved for sanctions based on alleged spoliation of evidence by U.S. Bank N.A. ("U.S. Bank"), the trustee for the trusts that are the nominal plaintiffs in this action. I referred this matter to Judge Francis for resolution pursuant to 28 U.S.C. § 636(b)(1)(A). Judge Francis denied UBS's motion in a 25-page well reasoned opinion dated October 23, 2013, and UBS filed a timely appeal pursuant to Federal Rule of Civil Procedure 72. For the reasons set forth below, Judge Francis's ruling is affirmed.

## I. BACKGROUND

 The details of this litigation are available in several prior opinions. *See, e.g.*, *MASTR Adjustable Rate Mortgages Trust 2006-OA3 v. UBS Real Estate Sec., Inc.*, 12 CIV. 7322 HB, 2013 WL 139636 (S.D.N.Y. Jan. 11, 2013); *MASTR Adjustable Rate Mortgages Trust 2006-OA2 v. UBS Real Estate Sec. Inc.*, 12 CIV. 7322 HB, 2013 WL 4399210 (S.D.N.Y. Aug. 15, 2013). A comprehensive discussion of UBS's motion for sanctions is presented in Judge Francis's opinion denying that motion, familiarity with which is assumed. *See Mastr Adjustable Rate Mortgages Trust 2006-OA2 v. UBS Real Estate Sec. Inc.*, 12 CIV. 7322 HB JCF, 2013 WL 5745855 (S.D.N.Y. Oct. 23, 2013). In its appeal, UBS argues that reversal is required.

## II.  LEGAL STANDARD

Where a magistrate judge has ruled on a nondispositive motion, "[t]he district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. Proc. 72(a).  A finding is "clearly erroneous" when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Isiofia*, 370 F.3d 226, 232 (2d Cir. 2004) (quotation and citation omitted).  A finding is "contrary to law" if "it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002) (citations omitted).  Where, as here, a magistrate judge makes a decision at least partially based on a credibility determination, greater deference may be appropriate. *See Cullen v. United States*, 194 F.3d 401, 407 (2d Cir. 1999) ("it appears that a district judge should normally not reject a proposed finding of a magistrate judge that rests on a credibility finding without having the witness testify before the judge.")

"A party seeking to overturn a discovery order therefore bears a heavy burden." *Botta v. Barnhart*, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007).  "Pursuant to this highly deferential standard of review, magistrates are afforded broad discretion in resolving discovery disputes and reversal is appropriate only if their discretion is abused." *Id.* (*citing Universal Acupuncture Pain Servs., P.C. v. State Farm Mut. Auto. Ins. Co.*, No. 01 CV 7677, 2002 WL 31309232, at *1 (S.D.N.Y. Oct.15, 2002).

## III.  DISCUSSION

Spoliation is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Byrnie v. Town of Cromwell, Bd. of Educ.,* 243 F.3d 93, 107 (2d Cir. 2001)(internal citation omitted). In order for a court to impose the sanction of an adverse inference jury instruction as a result of spoliation, a party must establish:

> (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed "with a culpable state of mind"; and (3) that the destroyed evidence was "relevant" to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

*Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002)

"The determination of an appropriate sanction for spoliation, if any, is confined to the sound discretion of the trial judge and is assessed on a case-by-case basis." *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001) (citation omitted). "No matter how inadequate a party's efforts at preservation may be . . . sanctions are not warranted unless there is proof that some information of significance has actually been lost." *Orbit One Commc'ns v. Numerex Corp.*, 271 F.R.D. 429, 431 (S.D.N.Y. 2010).

After an extensive review of the facts surrounding UBS's motion, as well as an assessment of the live testimony of U.S. Bank Senior Vice-President Diane Reynolds at a hearing, Judge Francis found that U.S. Bank had an obligation to preserve documents at the time they were destroyed, its failure to do so had "ripened into gross negligence," and UBS had demonstrated discovery and assistive relevance for two categories of documents. *Mastr Adjustable*, 2013 WL 5745855 at *5, *8, *9. However, Judge Francis concluded that "[t]here is no basis . . . for sanctions" because "U.S. Bank has shown, through competent evidence, that the documents about which UBS speculates either never existed or were not destroyed." *Id.* at *9.

UBS contends that Judge Francis's failure to "craft[] an adverse inference instruction to allow the jury to decide whether UBS was prejudiced" is contrary to the law of this circuit in its failure to apply *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99 (2d Cir. 2002) and *Sekisui Am. Corp. v. Hart*, 945 F. Supp. 2d 494, 498 (S.D.N.Y. 2013). To the contrary, Judge Francis aptly distinguishes *Sekisui* and his decision is well within the scope of *Residential Funding Corp.* Thus, UBS does not meet the heavy burden required to reverse a decision of a magistrate judge. Judge Francis's ruling was neither clearly erroneous nor contrary to law. As I noted at Oral Argument, Defendants are free to propose an adverse inference charge at the charging conference when this case goes to trial in August 2014.

## CONCLUSION

I have considered the parties' remaining arguments and find them to be without merit. For the foregoing reasons, Judge Francis's Order is affirmed.

**SO ORDERED**
December **27**, 2013
New York, New York

Hon. Harold Baer, Jr.
U.S.D.J.

3