UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MASTR ADJUSTABLE RATE MORTGAGES TRUST 2006-OA2, MASTR ADJUSTABLE RATE MORTGAGES TRUST 2007-1, AND MASTR ADJUSTABLE RATE MORTGAGES TRUST 2007-3,<br><br>Plaintiffs,<br><br>-against-<br><br>UBS REAL ESTATE SECURITIES INC.,<br><br>Defendant. | 12 Civ. 7322 (HB)<br><br>ECF Case<br>Electronically Filed<br><br>**DECLARATION OF KARL N. SNOW IN OPPOSITION TO UBS'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

I, KARL N. SNOW, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am a partner with Bates White Economic Consulting ("Bates White"). I respectfully submit this declaration on behalf of plaintiffs MASTR Adjustable Rate Mortgages Trust 2006-OA2, MASTR Adjustable Rate Mortgages Trust 2007-1, and MASTR Adjustable Rate Mortgages Trust 2007-3 (the "Trusts"), acting through U.S. Bank National Association, solely in its capacity as trustee for the Trusts, in opposition to the motion of UBS Real Estate Securities Inc. ("UBS") for partial summary judgment. The facts set forth herein are based on my personal knowledge and/or information obtained in consultation with others at Bates White that I believe to be true and correct.

2. It is my understanding that in 17 letters sent to UBS in the period of August 9, 2010 through June 28, 2012, Assured Guaranty Municipal Corp. ("Assured") demanded that UBS cure or repurchase a total of 3612 unique loans included in the Trusts (the "Breach Notices").

3. By letters dated August 9, 2010, August 13, 2010, August 13, 2010, and August 13, 2010, Assured demanded that UBS cure or repurchase a total of 762 loans from the MARM 2007-1 and MARM 2007-3 transactions. Assured alleged a total of 2,832 breaches in connection with those 762 loans.

4. It is my understanding based on the publicly-available remittance reports for the MARM 2006-OA2, MARM 2007-1 and MARM 2007-3 transactions (the "Trustee Reports") that as of June 28, 2012, the date of the last Breach Notice (as defined in Paragraph 37 of the Complaint), 3,288 of the loans identified in the Breach Notices were 180 days or more delinquent as of June 28, 2012 or 180 days or more delinquent when the loan exited the loan pool (representing 91% of the loans identified in the Breach Notices by loan count and 91% by original principal balance).

5. Based on the Trustee Reports, as of June 28, 2012, the date of the last Breach Notice, 2,126 of the loans identified in the Breach Notices were liquidated because the underlying properties had been foreclosed upon or the loan was paid in full (representing 59% by loan count and 57% by original principal balance).[1]

6. Based on the Trustee Reports, of the 17,082 loans included in the Trusts, 12,766 loans were 180 days or more delinquent, liquidated or paid in full as of September 28, 2012, the date of the Complaint (representing 75% by loan count and 76% by original principal balance).

7. Based on the Trustee Reports, of the 17,082 loans included in the Trusts, 5,541 loans were liquidated because the underlying properties had been foreclosed upon as of

---

[1] There were six loans in this group that, according to the Trustee Reports, were paid in full (representing less than 1% by loan count or original principal balance) but then realized losses before June 28, 2012 but after being designated as paid in full.

2

September 28, 2012, the date of the Complaint (representing 32% by loan count and 33% by original principal balance).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 16, 2014, in Washington, DC.

_____
Karl N. Snow Ph.D.