# EXHIBIT 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MASTR ADJUSTABLE RATE MORTGAGES TRUST 2006-OA2, MASTR ADJUSTABLE RATE MORTGAGES TRUST 2007-1, AND MASTR ADJUSTABLE RATE MORTGAGES TRUST 2007-3, <br><br> Plaintiffs, <br><br> -against- <br><br> UBS REAL ESTATE SECURITIES INC., <br><br> Defendant. | 12 Civ. 7322 (HB) <br><br> ECF Case <br> Electronically Filed <br><br> **DECLARATION OF DR. KARL N. SNOW IN SUPPORT OF PLAINTIFFS' LETTER-BRIEF REGARDING THE REOPENING OF EXPERT DISCOVERY** |

I, KARL SNOW, declare pursuant to 28 U.S.C. § 1746 as follows:

1.      I respectfully submit this declaration in support of the letter-brief of Plaintiffs MASTR Adjustable Rate Mortgages Trust 2006-OA2, MASTR Adjustable Rate Mortgages Trust 2007-1, and MASTR Adjustable Rate Mortgages Trust 2007-3 (together the "Trusts"), acting through U.S. Bank National Association, solely in its capacity as trustee of the Trusts, regarding the reopening of expert discovery.

2.      I am a partner with Bates White Economic Consulting  ("Bates White").  I have more than 20 years of experience as a professional economist working in the areas of finance, economics, and statistics, including approximately 10 years of experience in connection with residential mortgage-backed securities.  I am an expert in economics.  The facts set forth herein are based on my personal knowledge and/or information obtained in consultation with others at Bates White that I believe to be true and correct.

3.      I have been retained by the Trusts to calculate the damages to the Trusts resulting from the failure of UBS Real Estate Securities Inc. ("UBS") to repurchase loans in the Trusts

that breach certain representations and warranties made by UBS (such loans being "Materially Defective loans").

4.     In my initial report, I calculated the damages to the Trusts resulting from UBS's failure to repurchase all Materially Defective loans in the Trusts.   I did so using statistical analyses based on the work of Dr. Nelson Lipshutz—who drew what I understand to be random samples of the loans in the Trusts, and calculated extrapolated breach rates for each sample based on re-underwriting analyses of the samples—and Mr. Ira Holt, Jr.—who performed those re-underwriting analyses.

5.     In light of the Court's January 9, 2015 Order—specifically, the Court's holding that 4,460[1] loans were specifically and timely noticed (the "Noticed Loans")—counsel for the Trusts instructed me to determine how much time would be required for me to calculate the damages to the Trusts resulting from UBS's failure to repurchase all Materially Defective Noticed Loans, assuming that Dr. Lipshutz were to draw, and Mr. Holt were to re-underwrite, new samples consisting only of Noticed Loans.   I calculated that it would take approximately two weeks.

6.     Counsel for the Trusts also instructed me to determine how much time would be required for me to calculate the damages to the Trusts resulting from UBS's failure to repurchase all Materially Defective Noticed Loans, assuming that the Trusts were to dispense with sampling and Mr. Holt were to re-underwrite all Noticed Loans.   I calculated that it would take approximately two weeks.

---

[1] The Court held that 4,462 loans were specifically and timely noticed.  I am informed that the Trusts' sampling expert, Dr. Nelson Lipshutz, has determined that two of these loans are duplicates, resulting in a total of 4,460 Noticed Loans.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 4, 2015, in Washington, District of Columbia.


Dr. Karl N. Snow