UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
MASTR ADJUSTABLE RATE MORTGAGES          :
TRUST 2006-OA2, MASTR ADJUSTABLE         :
RATE MORTGAGES TRUST 2007-1, AND         :   12-cv-7322 (PKC)
MASTR ADJUSTABLE RATE MORTGAGES          :
TRUST 2007-3,                            :   **ECF Case**
                                         :
                        Plaintiffs,      :   **Electronically Filed**
                                         :
        - against -                      :
                                         :
UBS REAL ESTATE SECURITIES INC.,         :
                                         :
                        Defendant.       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DECLARATION OF DEBORAH GRISSOM

I, Deborah Grissom, under penalty of perjury pursuant to 28 U.S.C. § 1746 declare as follows:

1. I have been retained by Skadden, Arps, Slate, Meagher & Flom LLP, counsel for defendant UBS Real Estate Securities Inc. ("UBS RESI"), as a testifying expert in connection with the above-captioned litigation. I submit this declaration in support of UBS RESI's opposition to the letter-brief of Plaintiffs MASTR Adjustable Rate Mortgages Trust 2006-0A2, MASTR Adjustable Rate Mortgages Trust 2007-1 and MASTR Adjustable Rate Mortgages Trust 2007-3 (collectively, "Plaintiffs" or the "Trusts") regarding the reopening of expert discovery.

2. I am a Senior Director at Treliant Risk Advisors in the residential mortgage practice. I intend to offer testimony at trial based on the contents of my expert rebuttal report that evaluated the April 25, 2014 Supplemental Expert Report of Ira H. Holt, Jr. In part, my opinions and analysis are based upon the knowledge, training, experience, professional judgment,

and expertise that I have developed during my 29 years working in the residential mortgage industry. The facts set forth in this declaration are based on my personal knowledge and/or information obtained in consultation with others at Treliant and FTI Consulting, Inc.

3. To perform my analysis in reaching my conclusions about the loans re-underwritten by Mr. Holt, I was assisted by re-underwriters from FTI and Treliant. My review and conclusions result from a multi-layered review process that culminated with my personal review of each of the loans that Mr. Holt re-underwrote and claimed was materially defective. As for the multi-layered process that preceded my personal review, I supervised, approved, and defined every step of the process, as well as the roles played by each member of my team.

4. Counsel for UBS RESI has instructed me to calculate how much time would be required for me to evaluate a new expert report from Mr. Holt relating to 1,004 loans. Using the same process and methodology I used previously, it could take as long as 4 months after receiving Mr. Holt's expert report.

5. Counsel for UBS RESI also instructed me to calculate how much additional time would be necessary if Mr. Holt's new expert report covered the entire population of 4,460 loans that remain at issue. Using the same process and methodology I used previously, it could take as long as 7 months after receiving Mr. Holt's expert report.

6. Counsel for UBS RESI also asked me to estimate the cost for undertaking such re-underwriting. Based on my experience with this case and other re-underwriting projects, I estimate that it will likely cost thousands of dollars per loan file, depending upon the quality of the loan files, the effort necessary to match the file to guidelines, as well as other unknown variables.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 6, 2015.

_____

Deborah Grissom