UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| MASTR ADJUSTABLE RATE MORTGAGES TRUST 2006-OA2, MASTR ADJUSTABLE RATE MORTGAGES TRUST 2007-1, AND MASTR ADJUSTABLE RATE MORTGAGES TRUST 2007-3, | : : : : : : : |
| Plaintiffs, | 12-cv-7322 (PKC) **ECF Case** **Electronically Filed** |
| - against - | : : |
| UBS REAL ESTATE SECURITIES INC., | : : |
| Defendant. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DECLARATION OF DEBORAH GRISSOM

I, Deborah Grissom, under penalty of perjury pursuant to 28 U.S.C. § 1746 declare as follows:

1. I have been retained by Skadden, Arps, Slate, Meagher & Flom LLP, counsel for defendant UBS Real Estate Securities Inc. ("UBS RESI"), as a testifying expert in connection with the above-captioned litigation. I submit this declaration in support of UBS RESI's request for an extension of time to respond to the expert reports submitted by Plaintiffs MASTR Adjustable Rate Mortgages Trust 2006-0A2, MASTR Adjustable Rate Mortgages Trust 2007-1 and MASTR Adjustable Rate Mortgages Trust 2007-3 (collectively, "Plaintiffs" or the "Trusts") on August 7, 2015.

2. I am a Senior Director at Treliant Risk Advisors ("Treliant") in the residential mortgage practice. I am currently preparing an expert rebuttal report that evaluates the August 7, 2015 Third Supplemental Expert Report of Ira H. Holt, Jr. (the "Holt Report"). The facts set forth in this declaration are based on my personal knowledge and expertise, gained over a 30-

year career in the residential mortgage industry, and information obtained in consultation with others at Treliant and FTI Consulting, Inc. ("FTI") who are working at my direction in anticipation of my rebuttal report. As with my previous rebuttal report, I anticipate offering testimony at trial relating to the Holt Report and my opinions. My review and conclusions result from a multi-layered review process that includes my personal review of loans and supervision, approval, and definition of every step of the process, as well as the roles played by each member of my team.

3.   In March 2015, in connection with Plaintiffs' request to re-open expert discovery, I filed a declaration with the Court indicating that, using the same process and methodology I previously used, it could take up to seven months to complete my report if the Holt Report ultimately covered 4,460 loans. At that time, I understood 4,460 to be the largest population of loans that Mr. Holt intended to re-underwrite. The Court's schedule ultimately allotted 4.75 months to complete my rebuttal report and both FTI and Treliant sought to increase the size of my support teams so that the shorter deadline could be met.

4.   In fact, the Holt Report covered far more than the maximum anticipated 4,460 loans. Mr. Holt offered an opinion as to 12,757 loans, of which 8,010 had loan files available for review, and indicated that 10,000 were materially defective. (Holt Report ¶¶ 2, 4, and 13.)

5.   This substantially increased volume of loans creates other substantial issues. For instance, shortly after receipt of the Holt Report, Plaintiffs produced a hard drive containing an additional 3,287,983 pages of loan file documents, bringing the total page count for the 10,000 allegedly defective loan files to 14,240,144. The size of the loan files caused FTI and Treliant to undertake system modifications before the work could begin. Further, both FTI and Treliant needed to increase staffing and the associated training to ensure a complete, well-trained team

was available to support my work. I currently have 135 professionals, both full and part-time, working in a multi-level review process to be able to respond to the Holt Report and the dramatically increased volume of loans. We have worked to shorten the required time period to respond to the loan allegations in the Holt Report by improving systems and hiring additional staff.

6. Counsel for UBS RESI has instructed me to calculate how much time would be required for me to finish analyzing and responding to the opinions contained in the Holt Report relating to the substantially increased loan population. Using the same process and methodology I used previously, with the additional system efficiencies built in and additional staffing described above, I estimate that completion of this review and corresponding preparation of my report will take until January 11, 2016 at the very earliest.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 24, 2015.

                                                                                                                              */s/ Deborah Grissom*

                                                                                                                                Deborah Grissom