UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MASTR ADJUSTABLE RATE MORTGAGES
TRUST 2006-OA2, MASTR ADJUSTABLE
RATE MORTGAGES TRUST 2007-1, AND
MASTR ADJUSTABLE RATE MORTGAGES
TRUST 2007-3,

               Plaintiffs,

-against-

UBS REAL ESTATE SECURITIES INC.,

               Defendant.

---

12 Civ. 7322 (PKC)

PROPOSED
JOINT PRETRIAL ORDER

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3-22-16
```

Pursuant to Federal Rule of Civil Procedure 26(a)(3)(A), this Court's Individual Practice

Rule 6.A., and this Court's Order dated March 11, 2015 (Dkt. No. 287), Plaintiffs MASTR

Adjustable Rate Mortgages Trust 2006-OA2, MASTR Adjustable Rate Mortgages Trust 2007-1,

and MASTR Adjustable Rate Mortgages Trust 2007-3 (collectively, the "Trusts" or "Plaintiffs"),

acting through U.S. Bank National Association, solely in its capacity as trustee for the Trusts (the

"Trustee"), and Defendant UBS Real Estate Securities Inc. ("UBS" or "Defendant") (the Trusts

and UBS each being a "Party") submit this proposed Joint Pretrial Order.[1]

---

[1] The Parties reserve their rights to revise their portions of this proposed Joint Pretrial
Order in light of decisions on pending and forthcoming motions. *However, the Court will
not modify this Order except for good cause shown.*

## I.   TRIAL COUNSEL

### A.   Plaintiffs' Counsel

David L. Elsberg
Sean P. Baldwin
Andrew R. Dunlap
Nicholas F. Joseph
Paul P. Hughes
Marlo A. Pecora
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel: (212) 849-7000
Facsimile: (212) 849-7100

Paul A. Riley
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Tel: (213) 443-3000
Facsimile: (213) 443-3100

### B.   Defendant's Counsel

Jay B. Kasner
Scott D. Musoff
Robert A. Fumerton
Alexander C. Drylewski
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Phone:  (212) 735-3000
Fax: (212) 735-2000

Thomas J. Nolan
Allison B. Holcombe
Abraham A. Tabaie
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071
Phone:  (213) 687-5000
Fax:  (213) 687-5600

Charles F. Smith
Lara A. Flath

155 N. Wacker Drive
Chicago, Ill. 60606
Phone: (312) 407-0700
Fax: (312) 407-0411

## II.    STIPULATIONS OF FACT AND TESTIMONY

The Parties have met face-to-face for the purpose of endeavoring to reach agreement upon stipulated of fact and stipulations of testimony.

The Parties' Stipulations of Fact are attached hereto as Exhibit 1.

## III.    CLAIMS AND DEFENSES THAT REMAIN TO BE TRIED[2]

### A.    The Trusts' Claims

The Trusts assert that the following claim remains to be tried:  a breach of contract claim against UBS for its alleged failures to perform its repurchase obligations under the Pooling and Servicing Agreements ("PSAs") governing the Trusts.  The Trusts allege that UBS:  (i) breached one or more of its representation and warranties under the PSAs with respect to certain loans in the Trusts in a manner that materially and adversely affected the value of the loans or certificateholders' interest in the loans; (ii) discovered or received notice of those breaches; and (iii) failed to repurchase the breaching loans after failing to cure those breaches within 90 days of discovering or being notified of those breaches.

### B.    UBS's Defenses

Defendant asserts that the following defenses remain to be tried:  (i) Plaintiffs have not established that the at-issue loans materially breach any of the representations and warranties ("R&Ws") contained in the governing PSAs;  (ii) Plaintiffs have not proven that any alleged

---

[2]  UBS reserves its rights to contest the Trusts' statement of the claims the Trusts assert remain to be tried, and the Trusts reserve their rights to contest UBS's statement of the defenses UBS asserts remain to be tried and to contest which party bears the burden of proof as to any of UBS's stated defenses.

breaches of R&Ws "materially and adversely affect" the value of loans at issue or the certificateholders' interests in the loans; (iii) UBS was not provided with the required "prompt written notice" of any defect in any loan that would result in a material breach of the PSAs and that any such breach materially and adversely affects the certificateholders' interests in that loans, nor did it independently discover any such defects; (iv) Plaintiffs have not complied with the applicable statute of limitations and/or other timeliness requirements; and (v) any recovery to which Plaintiffs are entitled is limited to the "Sole Remedy Provision" of the PSAs.

## IV. NATURE AND LENGTH OF TRIAL

The Parties agree this case will be tried to the bench.

The Trusts maintain that the trial will require approximately 10 trial days (not including closing statements), with each trial day consisting of approximately seven hours of proceedings on the record. UBS believes that trial will require up to 15 trial days (not including closing statements), depending upon the scope of the case following the Court's rulings on *Daubert* and other motions *in limine*, with each trial day consisting of approximately seven hours of proceedings on the record. The Parties request that their allotted time be divided evenly between them, with each Party's allotted time running during its (i) opening statements; (ii) direct or cross examination of any witness; and (iii) time spent otherwise addressing the Court, except that all time spent by both Parties arguing any challenge to the admissibility of any evidence or testimony on the record shall be charged to the Party that does not prevail on the challenge.

The Parties further request that each Party be allowed to present an opening statement of up to one hour in length.

4

V.   DESIGNATED DEPOSITION TESTIMONY

A list of the Trusts' deposition designations is attached hereto as Exhibit 2-A. A list of

UBS's deposition designations is attached hereto as Exhibit 2-B. For each witness, the Parties

submit a chart listing: (i) the designated testimony; (ii) the opposing party's objections, if any;

(iii) the opposing party's counter-designated testimony, if any; and (iv) objections to the counter-

designated testimony, if any. For each witness, the Parties also submit a PDF copy of the

witness' transcript, annotated with (i) colored highlighting of all designated and counter-

designated testimony (including a key indicating which color corresponds to which type of

designation); and (ii) call-out boxes containing codes for any objections to designated and

counter-designated testimony (including a key indicating which code corresponds to which type

of objection).

VI.   WITNESSES

The witnesses to be presented by the Parties are listed below. The Parties reserve their

rights to object to the admissibility of the testimony of any witness, either at trial or through

motions *in limine* or *Daubert* motions.

A.   The Trusts' Witnesses

The Trusts reserve their right to call any witness disclosed on UBS's witness list.

1. Witnesses the Trusts expect to present

> William Chandler
> Charles Cipione
> Charles Cowan
> Lima Ekram
> Ira H. Holt, Jr.
> John Lantz
> Nelson R. Lipshutz
> Jeff Nielsen
> Michael Parniawski
> Cameron Pittman
> David Rashty

Diane Reynolds
Toby Robillard
Christopher Schmidt
Karl N. Snow
Agnes Teng
William Twombly
John Williams
Adrian Wu
Helen Yu

### 2. Witnesses the Trusts may call if the need arises

William Greenberg
Robert Savery
Funing Song
Joseph Wagner

## B.   UBS's Witnesses

UBS's reserves its right to call any witness disclosed on the Trusts' witness list.

### 1. Witnesses Defendant expects to present

Dr. Arnold Barnett
Dr. Andrew Carron
William Chandler
Dr. William H. Greene
Deborah Grissom
Michael Hedden
John Lantz
Diane Reynolds
Toby Robillard
Nicolas Valaperta
Joseph Wagner

### 2. Witnesses Defendant may call if the need arises

Laura Cawley
Elisabeth Lisa-Brewster
Shannon Rantz
Roxanne Rouleau

## VII.   EXHIBITS

A list of exhibits to be offered by the Trusts in their case-in-chief is attached as Exhibit 3-A.   A list of exhibits to be offered by UBS in its case-in-chief is attached as Exhibit 3-B.   On each list, one star indicates exhibits to which no Party objects on grounds of authenticity, and two stars indicates exhibits to which no Party objects on any ground.   The Parties will meet and confer about an appropriate schedule for exchanging summary and demonstrative exhibits in advance of trial.

If a Party intends to present any testimony or exhibits (including summary exhibits or demonstrative exhibits) during its opening statement, it shall identify those materials to the other Party by 6:00 p.m. at least two calendar days prior to its opening statement.   If a Party intends to use any previously undisclosed summary or demonstrative exhibits during its opening or closing argument, it shall identify those materials to the other Party by 9:00 p.m. on the calendar day prior to the argument.   When providing a summary exhibit, a Party must identify the specific material summarized.   Notwithstanding the foregoing, if the proposed exhibit summarizes a large amount of material, the notifying Party must provide notice with a reasonable amount of time for the other Party to examine that material.   If a Party objects to the other Party's proposed use of any testimony or exhibits identified hereto, that Party shall provide prompt notice to the other Party, the Parties shall promptly attempt to resolve the objection, and if the Parties are unable to resolve the objection they shall promptly raise it with the Court.

## VIII.   DAMAGES CLAIMED AND RELIEF SOUGHT

The damages claimed and relief sought by the Trusts, including the manner and method used to calculate the claimed damages, are listed below.   For purposes of this Joint Pretrial Order, the number of loans at issue for which damages are sought, and the estimated amount of

damages for each category of loans, are estimated as of June 2015. The Trusts reserve their right to present a statement of damages at trial that is updated to reflect (i) any reduction in the number of loans at issue; and (ii) any change in the amount of damages suffered by the Trusts.

A. For approximately 6,137 loans, determined to be materially defective through individual re-underwriting, which have exited the Trusts with a loss: A damages award equal to the repurchase prices of those loans, less the residual value of those loans, if any, plus prejudgment interest (an estimated total of $2,044.8 million);

B. For approximately 3,745 loans, determined to be materially defective through individual re-underwriting, which remain in the Trusts: Either (i) a damages award equal to the value of the repurchase prices of those loans less the residual value of those loans, if any (an estimated total of $231.0 million); or (ii) specific performance of UBS's obligation under the PSAs to repurchase those loans at their repurchase prices;

C. For approximately 988 loans, determined to be materially defective through extrapolation from the re-underwriting of a statistically valid sample of loans, which have exited the Trusts with a loss: A damages award equal to the repurchase prices of those loans, less the residual value of those loans, if any, plus prejudgment interest (an estimated total of $279.3 million);

D. For approximately 1,014 loans, determined to be materially defective through extrapolation from the re-underwriting of a statistically valid sample of loans, which remain in the Trusts: Either (i) a damages award equal to the value of the repurchase prices of those loans less the residual value of those loans, if any (an estimated total of $36.4 million); or (ii) specific performance of UBS's obligation under the PSAs to repurchase any those loans at their repurchase prices;

E.  An award of the Trustee's attorneys' fees, costs, and expenses associated with enforcing

UBS's repurchase obligations under the PSAs; and

F.  Such other relief as the court deems proper.

Dated:  February 12, 2016
        New York, New York

STIPULATED AND AGREED.

QUINN EMANUEL URQUHART &               SKADDEN, ARPS, SLATE, MEAGHER &
SULLIVAN, LLP                          FLOM LLP


By:_____             By:_____
    David L. Elsberg                        Jay B. Kasner
    Sean P. Baldwin                         Scott D. Musoff
    Andrew R. Dunlap                        Robert A. Fumerton
    Nicholas F. Joseph                      Alexander C. Drylewski
    Paul P. Hughes                          Four Times Square
    Marlo A. Pecora                         New York, New York 10036
    51 Madison Avenue, 22nd Floor
    New York, New York 10010            Thomas J. Nolan
                                        Allison B. Holcombe
    Paul A. Riley                       Abraham A. Tabaie
    865 South Figueroa Street, 10th Floor   300 South Grand Avenue
    Los Angeles, California 90017       Los Angeles, California 90071

*Attorneys for Plaintiffs*              Charles F. Smith
                                        Lara A. Flath
                                        155 N. Wacker Drive
                                        Chicago, Ill. 60606

                                        *Attorneys for Defendant*

*Each side will have 37 hours for the presentation of evidence, subject to modification in the interests of justice. See transcript March 21, 2016*

SO ORDERED, at New York, New York

_March 21___, 2016                      _____
                                        P. Kevin Castel
                                        United States District Judge