UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MASTR ADJUSTABLE RATE MORTGAGES TRUST 2006-OA2, MASTR ADJUSTABLE RATE MORTGAGES TRUST 2007-1, AND MASTR ADJUSTABLE RATE MORTGAGES TRUST 2007-3,

　　　　　　　　　Plaintiffs,

-against-

UBS REAL ESTATE SECURITIES INC.,

　　　　　　　　　Defendant.

12 Civ. 7322 (PKC)

---

### DECLARATION OF WILLIAM R. SEARS IN SUPPORT OF PLAINTIFFS' MOTION TO PRECLUDE TESTIMONY CONCERNING UBS'S LOAN REVIEW COMMITTEE

I, William R. Sears, submit this declaration pursuant to 28 U.S.C. § 1746 and declare as follows:

1. I am an associate of the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Plaintiffs in the above-captioned matter, and am a member in good standing of the bar of New York.

2. I respectfully submit this Declaration in support of Plaintiffs' Motion to Preclude Testimony Concerning UBS's Loan Review Committee.

3. Attached as Exhibit 1 are true and correct (highlighted) copies of excerpts from the transcript of the deposition of William Chandler, dated February 6, 2014.

4. Attached as Exhibit 2 are true and correct (highlighted) copies of excerpts from the transcript of the deposition of Michael Parniawski, dated December 13, 2013.

5. Attached as Exhibit 3 is a true and correct (highlighted) copy of an excerpt from the transcript of the deposition of Robert Savery, dated December 4, 2013.

6. Attached as Exhibit 4 is a true and correct (highlighted) copy of an excerpt from the transcript of the deposition of Funing Song, dated December 11, 2013.

7. Attached as Exhibit 5 is a true and correct (highlighted) copy of an excerpt from the transcript of the 30(b)(6) deposition of John Lantz, dated February 7, 2014.

(a) During this deposition, Trusts' Counsel stated:

What we are concerned about is whether UBS intends to make any argument that there is extrinsic evidence supporting an interpretation of the prompt notice provision that they have put forward in this case. It's our view that the term means what it means on the face of the contract, but if the Court were to hold, as it could well, that the provision was ambiguous and it was necessary to look to extrinsic evidence, we want to know if there is any such extrinsic evidence.

*Id.* at 44:10–21.

(b) Magistrate Judge Francis then stated:

I am not sure why this doesn't take care of itself; that is, if the witness is asked whether there is any information that he's aware of that goes to this term of the contract and the answer is no, then there's no extrinsic evidence that's going to come in, and certainly the communications with counsel … UBS can't use the privilege as a sword and a shield, so it's not going to introduce evidence with respect to counsel's views on the meaning of the term, so why doesn't that solve the problem?

*Id.* at 49:19–50:8.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 5, 2016, in New York, New York.

By:     /s/ *William R. Sears*
        William R. Sears