UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

U.S. BANK, NATIONAL ASSOCIATION,
Solely in its capacity as Trustee of MASTR
ADJUSTABLE RATE MORTGAGES TRUST
2006-OA2, MASTR ADJUSTABLE RATE
MORTGAGES TRUST 2007-I, AND MASTR
ADJUSTABLE RATE MORTGAGES TRUST
2007-3

                         Plaintiffs,

      -against-

UBS REAL ESTATE SECURITIES INC.,

                         Defendant.

-----------------------------------------------------------------x

12-cv-7322 (PKC)

ORDER APPOINTING MASTER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-2-16

CASTEL, U.S.D.J.

      Pursuant to the Court's Memorandum and Order dated September 6, 2016 (the "Memorandum and Order") this Court found that appointment of a master, pursuant to Rule 53(a)(1)(B), Fed. R. Civ. P., to hold trial proceedings and make or recommend findings of fact, was warranted by an "exceptional condition." That exceptional condition is the sheer volume of loans for which findings and conclusions are necessary. The Court further found, pursuant to Rule 53(a)(1)(C), that appointment of a master is necessary to address post-trial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge in this district.

      Accordingly, after hearing from the parties, the Court hereby provisionally appoints Hon. Barbara S. Jones (ret.) as Lead Master. Within 14 days of receipt of this Order, the Lead Master shall file with the Court and serve on the parties an affidavit or declaration disclosing whether there is any ground for disqualification under 28 U.S.C. § 455. Within 14 days after receiving

the Lead Master's affidavit or declaration, any party may object to the appointment and explain the grounds for disqualification. If neither party objects to the appointment or if the Court determines that any such objection is without merit, the appointment of the Lead Master will become effective and the Lead Master shall proceed with all reasonable diligence to complete the tasks assigned by this Order.

Upon appointment, the Lead Master shall meet with the parties to identify all loans that have not been resolved by the rulings in the Memorandum and Order and to develop a plan (the "Plan") for the timely entry of findings of fact and conclusions of law relating to such unresolved loans. The Plan shall:

1. provide for the appointment by the Court of additional masters to prepare recommended findings and conclusions consistent with the rulings in the Memorandum and Order;

2. include a procedure for the Lead Master to follow in soliciting candidates for appointment as additional masters, making recommendations to the Court as to those appointments, and providing for the compensation of those masters;

3. include a process for uploading trial evidence into a secure cloud facility for ready access and a web portal for the additional masters to evaluate the evidence and upload their findings and conclusions;

4. include uniform formats and time schedules for the additional masters to report their proposed findings and conclusions to the Court; and

5. include a procedure for the additional masters to follow in recommending findings and conclusions and a proposed standard of review pursuant to Federal Rule of Civil Procedure 53(f) if, after discussing it with the parties, the parties agree to a standard other than de novo review.

2

In creating the Plan, the Lead Master shall meet with the parties in an effort to secure stipulations to conform this Court's findings and conclusions to the universe of loans. To the extent that the parties are unable to agree upon stipulations, the Lead Master shall provide a detailed guide for the additional masters to use in preparing recommended findings and conclusions consistent with the rulings in the Memorandum and Order.

The Lead Master shall incorporate the Plan into a Report and Recommendation covering the process and timetable for next steps which the Lead Master shall submit to the Court pursuant to Rule 53(c)(e). Pursuant to Rule 53(f)(2), any party may object to, or seek to modify, the Report and Recommendations of the Lead Master within 21 days after a copy is served. Once the Court has approved a Plan, the Court will receive recommendations from the Lead Master as to the appointment of additional masters, request affidavits or declarations from those candidates disclosing any grounds for disqualification under 28 U.S.C. §455, consider any objections to the candidates, and issue orders for the appointment of the additional masters pursuant to Rule 53.

The Lead Master may meet and confer with the additional masters but will not be empowered to alter or modify the findings or conclusions of a court-appointed master. Pursuant to Rule 53(d), the Lead Master may issue orders consistent with the powers vested in the Lead Master by this order of appointment. The Lead Master, but not the masters recommending proposed findings of fact and conclusions of law, may communicate with the Court ex parte on any matter within the order of appointment. The Lead Master shall take appropriate steps to promote settlement, including by directing the parties to resume discussions before a privately-retained mediator, but shall keep such discussions confidential and not communicate the position of any party on settlement to the Court.

As the Court stated in its Memorandum and Order, "[w]ith the exception of calculation of damages and withdrawal of claims of breach by the Trusts, the evidence is closed." (Memorandum and Order at 236.)

The compensation of the Lead Master and any additional masters shall be shared equally by both sides, unless otherwise ordered by the Court. The Court retains the power to amend this interim allocation pursuant to Federal Rule of Civil Procedure 53(g), and the Court's order on compensation is entered without prejudice to Plaintiff's right to seek indemnification or reimbursement to the extent permitted under the PSAs or Defendant's right to oppose any such requests for indemnification or reimbursement. The Lead Master shall submit to the Court and the parties a proposal for the Lead Master's proposed compensation at the time the Lead Master submits an affidavit or declaration disclosing whether there are any grounds for disqualification under 28 U.S.C. §455. Any party may object to the proposed compensation within 14 days. The Court shall resolve any such objection in a separate order. The Lead Master shall submit bills for the Court's review and approval monthly. Compensation of additional masters shall be handled in a similar fashion, except that the additional masters shall submit proposals for their compensation to the Lead Master, any objections shall be submitted to the Lead Master, the Lead Master shall resolve any such objections, and the Lead Master shall review and approve any bills submitted by the additional masters.

Dated: November 2, 2016
New York, New York

SO ORDERED:

P. KEVIN CASTEL
U.S.D.J.