UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
U.S. BANK, NATIONAL ASSOCIATION,
Solely in its capacity as Trustee of MASTR
ADJUSTABLE RATE MORTGAGES TRUST
2006-OA2, MASTR ADJUSTABLE RATE
MORTGAGES TRUST 2007-1, AND MASTR
ADJUSTABLE RATE MORTGAGES TRUST
2007-3

                           Plaintiffs,

             -against-

UBS REAL ESTATE SECURITIES INC.,

                          Defendant.
-----------------------------------------------------------x

12-cv-7322 (PKC)
(ON CONSENT)

ORDER APPOINTING
SOLE MASTER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/18/17

CASTEL, U.S.D.J.

      Pursuant to the Court's Memorandum and Order dated September 6, 2016 (the "Memorandum and Order"), the Court appointed the Hon. Barbara S. Jones (ret.) as Lead Master in this case on November 2, 2016 (Dkt. 515) ("Order Appointing Master"). The Order Appointing Master provided, among other things, that the Lead Master would meet with the parties to identify all loans that have not been resolved by the rulings in the Memorandum and Order and develop a plan for the timely entry of findings of fact and conclusions of law relating to such unresolved loans (the "Plan"). The Order Appointing Master provided further that the Plan should include a process for the appointment of additional masters and related matters.

      The parties represent that they have met with the Lead Master several times and are in agreement that Judge Jones should serve as the sole master in this case and that the appointment of additional masters is not necessary at this time. Judge Jones has agreed to serve in that capacity with the assistance of lawyers and support staff from her firm. Accordingly:

IT IS HEREBY ORDERED, pursuant to Federal Rule of Civil Procedure 53(b)(4), that the Order Appointing Master shall be amended as follows:

The Court hereby appoints Hon. Barbara S. Jones (ret.) to be the sole master (the "Master") to recommend findings of fact and conclusions of law pursuant to the Court's Memorandum and Order dated September 6, 2016 (the "Memorandum and Order"). Judge Jones shall have the authority, pursuant to Federal Rule of Civil Procedure 53(c), to regulate all proceedings; take all appropriate measures to perform her assigned duties fairly and efficiently; and request submissions and hold hearings as she sees fit with the understanding that, as the Court stated in its Memorandum and Order: "With the exception of calculation of damages and withdrawal of claims of breach by the Trusts, the evidence is closed." Memorandum and Order at 236. Pursuant to Federal Rules of Civil Procedure 53(d) and (e), Judge Jones may issue Orders and file Reports and Recommendations with the Court as she deems appropriate, which shall be subject to review by the Court pursuant to Federal Rule of Civil Procedure 53(f).

Judge Jones may use other persons employed by her firm to assist her in carrying out her duties, including persons previously disclosed in the Master's November 22, 2016 Supplemental Declaration. Such persons shall be under the supervision and control of the Master, who shall take appropriate action to ensure that such persons do not have conflicts of interest and to preserve the confidentiality of matters submitted to the Master for review, including confidential, trade secret or proprietary information or information subject to the Court's Protective Order entered on August 30, 2013 (the "Protective Order"). Prior to assigning such persons to work on this matter, Judge Jones shall identify them and state whether they have any prior experience working on matters involving residential mortgage-backed securities. Consistent with the

Court's ruling that the evidence is closed, Judge Jones may ask such persons working under her supervision to hold hearings to discuss loans and make recommendations to her.

Pursuant to Federal Rule of Civil Procedure 53(b)(2)(B), Judge Jones may communicate with the Court and with the parties *ex parte* on any matter within this order of appointment. Judge Jones shall take appropriate steps to promote settlement, including by directing the parties to resume discussions before a privately-retained mediator, but shall keep such discussions confidential and not communicate the position of any party on settlement to the Court.

The compensation of the Master and her firm shall be shared equally by both sides, unless otherwise ordered by the Court. The Court retains the power to amend this interim allocation pursuant to Federal Rule of Civil Procedure 53(g), and the Court's order on compensation is entered without prejudice to Plaintiff's right to seek indemnification or reimbursement to the extent permitted under the relevant Pooling and Servicing Agreements and Defendant's right to oppose any such requests for indemnification and reimbursement. The Master shall submit bills for the Court's review and approval monthly, and the compensation of the Master and her firm shall be at Bracewell LLP's standard rates, which the parties understand shall change from time to time.

Dated: April 18, 2017
New York, New York

SO ORDERED:

P. KEVIN CASTEL
U.S.D.J.