UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
U.S. BANK, NATIONAL ASSOCIATION,

       Plaintiff,        12-cv-7322 (PKC)

  -against-

                  ORDER

UBS REAL ESTATE SECURITIES INC.,

       Defendant.
------------------------------------------------------------x

CASTEL, U.S.D.J.

    On February 6, 2018, David Visher and Sandra Visher, who are proceeding pro se, moved to intervene in the above-captioned case pursuant to Rule 24, Fed. R. Civ. P. (Docket # 569.) They are certificateholders in the MARM 2006-OA2 Trust, which is one of three RMBS trusts at issue in this litigation. They assert that plaintiff U.S. Bank National Association ("U.S. Bank"), in its capacity as trustee, has practiced "collusion, adversity of interest, nonfeasance, or incompetence" and thus failed to act in the best interests of the trusts and their certificateholders. (Docket # 569 at 1.) The Vishers state that their proposed intervention is limited to re-opening discovery in order to obtain "at a minimum" 5,337 loan files that U.S. Bank did not access during discovery, and to "[f]orce" the disclosure of which entities having voting rights in the Trusts. (Docket # 569 at 3, 19-20.)

    For reasons that will be explained, the motion is denied.

    The Vishers previously filed a motion to intervene in 2012, which was denied. See 2013 WL 139636 (S.D.N.Y. Jan. 11, 2013) (Baer, J.). Fact discovery in this case closed in February 2014. (Docket # 158.) After a bench trial in April and May of 2016, this Court issued

a Memorandum and Order that construed the underlying PSAs, reviewed certain exemplar loans and delegated review of additional loans to a Master. See 205 F. Supp. 3d 386 (S.D.N.Y. 2016).

The Vishers are also two of the plaintiffs in a putative class action brought by certificateholders of the MARM 2006-OA2 Trust in Bakal v. U.S. Bank National Association, 15 Civ. 6976 (PKC), which U.S. Bank successfully moved to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P. See 2018 WL 1726053 (S.D.N.Y. Apr. 2, 2018). The Court entered judgment, and the Bakal plaintiffs have filed a Notice of Appeal.

Familiarity with the present action and the Bakal action is assumed.

Rule 24 governs a motion to intervene that is brought permissively or as of right. "Intervention as of right under Rule 24(a)(2) is granted when all four of the following conditions are met: (1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties." MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc., 471 F.3d 377, 389 (2d Cir. 2006). "Failure to satisfy any one of these requirements is a sufficient ground to deny the application." Farmland Dairies v. Commissioner of New York Dep't of Agric. & Mkts., 847 F.2d 1038, 1043 (2d Cir. 1988) (emphasis in original).

As certificateholders in one of the three RMBS trusts, the Vishers have an interest relating to the subject of this action. However, their application is untimely, and the Vishers have not made a showing that intervention is necessary to protect their interests.

As to timeliness, this action was commenced in September 2012, nearly 5-1-/2 years before this motion was filed. The Vishers were aware that their interests were implicated

in this action, as reflected by their prior motion to intervene.  They argue that this motion has been made timely by subsequent developments, including the status of the so-called "missing" IndieMac loan files that they seek to attain through re-opened discovery.  They contend that U.S. Bank was "incompetent" and "negligent" in not obtaining the files, and that UBS colluded with the loan originators and/or U.S. Bank to ensure that these files were not delivered.  (Docket # 569 at 2-3, 7-11, 18-19.)  But, at the latest, the status of the IndyMac files was raised on the record and in open court during the trial of April and May 2016.  The Vishers waited more than 20 months before moving to intervene, which weighs against their motion.

Second, the Vishers have not made a showing that intervention is required to adequately represent their interests, or that U.S. Bank has failed to represent their interests.  They assert that it was "incompetent and stupid" of U.S. Bank not to "immediately reject" a settlement proposal negotiated by counsel to certain certificateholders, who they characterize as "shill[s]." (Id. at 11-12.)  U.S. Bank disseminated the proposed settlement to certificateholders on October 18, 2017, and its notice stated that U.S. Bank was not involved in the negotiation.  (England Dec. Ex. A.)  The Vishers argue that the proposed settlement would resolve the trusts' claims for approximately 1/3 of their likely value.  (Docket # 569 at 9, 16.)  However, they have made no showing that U.S. Bank has acted in bad faith by disseminating details of the settlement, and their assertions concerning U.S. Bank's motivations and performance are conclusory.

The motion to intervene is denied for the additional reason that it raises issues that are independent of UBS's satisfaction of the PSAs' representations and warranties.  When Judge Baer denied the prior motion to intervene in 2013, he observed that the intervenors proposed "to radically change the existing case" from a breach of contract action regarding the PSAs into one about the legal obligations between U.S. Bank and the certificateholders.  2013 WL 139636, at

*2. The Vishers have already asserted claims against U.S. Bank in the <u>Bakal</u> action, and a notice of appeal has been filed in that case. The Vishers' arguments directed to U.S. Bank's duties to the certificateholders are separate from UBS's compliance with the PSAs. Similarly, allegations concerning UBS's purchase of certificates issued by the three trusts raise issues that are distinct from this breach of contract action.

To the extent that the Vishers move for permissive intervention under Rule 24(b), their motion is denied. A district court has "very broad" discretion on a motion for permissive intervention. <u>H.L. Hayden Co. of N.Y. v. Siemens Med. Sys., Inc.</u>, 797 F.2d 85, 89 (2d Cir. 1986). A court must consider undue delay or prejudice to the original parties. <u>Id.</u> It should also consider the extent of the movants' interests, whether those interests are adequately represented by other parties and whether intervention will significantly contribute to developing the factual and legal issues. <u>Id.</u> Permitting intervention in order to re-open fact discovery four years after it closed would result in significant delay and prejudice. Separately, for the reasons explained, intervention would not contribute to developing the relevant factual and legal issues, and the Vishers have not made a showing that their interests are not adequately represented.

The motion to intervene is DENIED. (Docket # 569.) The Clerk is directed to terminate the motion.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
May 10, 2018

- 4 -

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5 - 10 - 18